UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALAN DORENBOS,

                Petitioner,          No. C00-839Z

v.

JACK KOPP,                         ORDER

                Respondent.

      This matter comes before the Court on Petitioner's Motion to Invalidate Judgment and Reopen Habeas, docket no. 74. This Court has reviewed the pleadings filed in support of and opposition to this motion. Petitioner moved pursuant to Rule 60(b)(3) arguing that the judgment should be invalidated and the habeas petition reopened because the State perpetrated a fraud in obtaining the judgment.

      The Federal Rules of Civil Procedure permit the court, upon motion, "to relieve a party or a party's representative from a final judgment, order, or proceeding for . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b). However, a motion based on the reason of fraud shall be made "not more than one year after the judgment, order, or proceeding was entered or taken." Id. Judgment was entered by this Court on March 12,

ORDER  -1-

2001.  Therefore, the August 2007 motion is clearly untimely.  Although Petitioner claims that his motion has been filed within a reasonable time because "the fraud became known to him only recently," the alleged fraud occurred in the State's August 2005 Response to Personal Restraint Petition.  Exhibit J to Motion to Invalidate Judgment.  The Court of Appeals dismissed the PRP in September of 2005.  Exhibit K to Motion to Invalidate Judgment.  Therefore, Petitioner has had knowledge for approximately two years and the motion is untimely.

In addition, Petitioner has not demonstrated any inconsistency or fraud in the statements made by the State to the state and federal courts.  In 2000, the State correctly argued, pursuant to 28 U.S.C. § 2254(b)(1)(A), that the Petitioner had not exhausted his state court remedies because he had filed a motion for a new trial with the state superior court, but never appealed to the State Supreme Court.  In 2005, the State argued in response to Petitioner's Personal Restraint Petition that the PRP should be dismissed because it was filed more than one year after judgment became final.  The State made this procedural argument based on RCW 10.73.090(1).  The State did not claim that Petitioner had exhausted all remedies as of the date that the judgment became final, only that the judgment was technically final when the Court of Appeals issued its mandate.

Petitioner's motion is DENIED.

IT IS SO ORDERED.

DATED this 1st day of November, 2007.

Thomas S. Zilly
United States District Judge

ORDER   -2-